The Attorney General is in receipt of your letter of March 20, 1979, wherein you ask, in effect, the following: "Where a Commission member, either regular or ex officio, is unable to attend a meeting and such member sends a representative, may the representative vote on issues coming before the Commission?" Title 2 O.S. 1022 [2-1022] — 2 O.S. 1038 [2-1038] (1971), as amended, establishes and defines the powers of the Oklahoma Wheat Commission. The statute is, however, silent as to the issues presented by your question. The Supreme Court of Oklahoma, in Anderson v. Grand River Dam Authority, 446 P.2d 814, 818 (1968) held that: "Administrative officers and bodies cannot alienate, surrender, or abridge their powers and duties, or delegate authority and functions which under the law may be exercised only by them; and, although they may delegate merely ministerial functions, in the absence of statute or organic act permitting it, they cannot delegate powers and functions which are discretionary or quasi-judicial in character, or which require the exercise of judgment." Although no case was found precisely in point in the facts of your opinion request, the Supreme Court has held that State agencies are limited in their authority to that provided by statute. In Adams v. Professional Practices Commission, 524 P.2d 932 (1974), the authority of administrative agencies is restricted in that "authority to make rules for its various procedures does not include authority to make rules which extend their powers beyond those granted by statutes". Therefore, the Wheat Commission is only empowered to do those acts which the statutes enable it to do. Since the statute does not address voting of a representative on behalf of the Commission member who is absent, the Commission is not entitled to assume the position that the Commission members may send representatives to cast votes in their absence. The Commissioners were appointed by the Governor from the districts and were empowered to use their vote to protect and foster the general welfare of the people in their district by stabilizing the wheat industry and the economy of the areas producing wheat. To allow a representative of that wheat commission to cast a vote would be an unlawful and improper delegation of that Commissioner's responsibility because it is the Commissioner who owes a duty to the people he represents. It is, therefore, the opinion of the Attorney General that a member of the Oklahoma Wheat Commission may not lawfully delegate his vote to any other person. (MANVILLE T. BUFORD) (ksg)